**ORIGINAL**

**REISSUED FOR PUBLICATION**
**SEP 09 2016**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS

**FILED**
**AUG -2 2016**
**U.S. COURT OF FEDERAL CLAIMS**

* * * * * * * * * * * * * * * * * * * * * * * * *
SARAH BATES as parent and        *
natural guardian of B.L.T.       *
                                 *   No. 13-154V
          Petitioners,           *   Special Master Christian J.
                                 *   Moran
v.                               *
                                 *
SECRETARY OF HEALTH              *   Filed: August 2, 2016
AND HUMAN SERVICES,              *
                                 *
          Respondent.            *
* * * * * * * * * * * * * * * * * * * * * * * * *

Sarah Bates, Martins Ferry, OH, pro se;
Justine Elizabeth Walters, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Ms. Bates filed a petition on behalf of her daughter, B.L.T., under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et. seq., on March 4, 2013. Her petition alleged that her daughter suffered from a seizure disorder as a result of the varicella, influenza, and hepatitis A vaccinations she received on October 14, 2010. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post it on the United States Court of Federal Claims's website, in accordance with the E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

I.  **Procedural History**

On behalf of Ms. Sarah Bates, Anne Toale filed a petition alleging that petitioner's daughter suffered from a seizure disorder as a result of the varicella, influenza, and hepatitis A vaccinations she received on October 14, 2010. Petitioner filed a statement of completion regarding the medical records in this case in June 2013, over two and a half years after the petition.

Respondent filed her Rule 4 report in October, 2013. She noted that the injury claimed by petitioner was not a Table injury, and that the medical records would not support such an assertion. Resp't's Rep't at 9. The respondent also noted in her report that the petitioner had not yet submitted an expert report to support her allegations. Resp't's Rep't at 13. In November 2013, petitioner was ordered to file a status report identifying her expert and proposing a deadline for her report. In January 2014, petitioner received an April 28, 2014 deadline for her expert report.

On February 28, 2014, petitioner's counsel filed a status report indicating her intention to withdraw from this case. Petitioner subsequently missed the April 28, 2014 expert report deadline, and to date has not filed an expert report in this case. In 2015 petitioner pursued updated medical records, and eventually additional records were filed in late 2015.

In March 2016, petitioner's counsel renewed her motion to withdraw. The undersigned granted this motion on April 15, 2016, and simultaneously ordered petitioner to file a status report by May 16, 2016. Petitioner was subsequently ordered to show cause, by July 25, 2016, why her case should not be dismissed. To date, petitioner has not filed anything in response to the May order, or the order to show cause.

II.  **Analysis**

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816

F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Additionally, to receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that B.L.T. suffered a "Table Injury." Thus, Ms. Bates is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records do not support petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion. Accordingly, it is clear from the record in this case that the petitioner has failed to demonstrate either that B.L.T. suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination.

**Thus, this case is dismissed for failure to prosecute and for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

IT IS SO ORDERED.

*Christian J. Moran*
Christian J. Moran
Special Master